IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK W. GLASMIRE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-748-Y |
| | § | (Relates to Motion Referred to |
| PUBLIC STORAGE, PSCC, INC., AND | § | Magistrate Judge Cureton) |
| SHURGARD STORAGE CENTERS, LLC, | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH COURT'S SEPTEMBER 7, 2012 ORDER AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

Plaintiff's Motion to Compel Defendants' Compliance with Court's September 7, 2012 Order and Request for Attorneys' Fees ("Motion to Compel Compliance") [doc. # 105] is pending before this Court. After considering the Motion to Compel Compliance and Defendants' response, this Court concludes that Defendants should pay for the all of the costs associated with the depositions that this Court previously ordered. However, this Court denies Plaintiff's request for $800.00 in attorneys' fees that Plaintiff incurred as a result of preparing the Motion to Compel Compliance.

### I. PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' COMPLIANCE

The Motion to Compel Compliance relates to this Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Further Deposition Testimony and Motion to Compel Production of Documents (the "Order"). [Doc. # 101.] The Order granted Plaintiff additional time to resume the depositions of David Doll and David Marzocchi. (Order 10.) Further, this Court also stated in the Order that "Plaintiff shall take the depositions by telephone,

videoconference, or other remote means as desired by the Plaintiff, with the costs (not including Plaintiff's attorney's fees) to be borne by Defendants." (Order 8.)

After this Court issued the Order, Plaintiff and Defendants exchanged e-mails discussing the foregoing depositions. (Pl.'s Mot. 2–3, Ex. A.) The exchange began when Brenda Cubbage, Plaintiff's attorney, sent an e-mail to Defendants' attorneys stating, "Dec. 14 works for Mr. Marzocchi's depo. I will arrange for a court reporter and videographer to be in your office at the appointed times. Per the court's order, I will have the invoices for the depositions sent to you for payment by the defendants. I will conduct my questioning over the phone." (*Id.*)

In response, Julia Trankiem, Defendants' attorney, said, "We will abide by the court's order, but we are concerned about the costs, and want to ensure that the costs of the company you select are reasonable. Can you please forward the name of the company you want to use, so that we can follow up with the company directly about the costs?" (Pl.'s Mot. 2, Ex. A.) Ms. Cubbage responded, "Yes, I will have Nancy send you the info on the court reporting service and video group (if it is different)." (*Id.*) Ms. Trankiem then replied, "Brenda, we looked into it, and your court reporter service is okay with us. Thanks." (*Id.*)

After this e-mail exchange, Plaintiff's counsel sent formal notices for the depositions of Mr. Doll and Mr. Marzocchi to Defendants' counsel. (Pl.'s Mot. 6–8, Ex. B.) Both notices stated that "the deponent's testimony will be recorded by a court reporter appointed or authorized to administer oaths, will be videotaped, and will be used as evidence in the trial of this cause." (*Id.*)

Defendants did not object to the use of the videographer at any point—during the e-mail exchange discussing the scheduled depositions, upon receiving notice of the depositions, or during the depositions themselves. (Pl.'s Mot. 3.) However, at the conclusion of the second deposition, Defendants' counsel told Plaintiff's counsel that Defendants would not pay for the

video costs associated with the deposition. (*Id.*) Consequently, Plaintiff filed the Motion to Compel Compliance, asserting that Defendants have violated the Order by not paying for the videographer costs. (*Id.*) This Court agrees.

Defendants were on notice that Plaintiff intended to take both depositions through the use of a videographer and a court reporter. Plaintiff's counsel mentioned in the first e-mail to Defendant's counsel that she would arrange for both a court reporter *and a videographer* to be in defense counsel's office at the appointed times. In response to Defendants' counsel's request for information, Plaintiff's counsel said that she would send information about the court reporter *and the "video group (if it is different)."* Lastly, in the deposition notices, Plaintiff clearly stated that the testimony would be recorded by a court reporter *and would be "videotaped."*

Defendants assert that they never expressed any agreement to pay for the videographer because, after Plaintiff's counsel sent the information about the court reporter and the videographer, Defendants' counsel replied only that "we looked into it, and your court reporter service is okay with us." While it is true that Defendants' counsel did not expressly agree to pay for the videotaping costs, this Court finds that Plaintiff's counsel reasonably concluded that Defendants' counsel was approving the cost of both the court reporter and the videotaping of the deposition. Regardless, if Defendants did not believe that they were required to pay for the videotaping costs, or that such costs were excessive, then Defendants should have timely made their objections known. Given the amount of notice that Plaintiff provided, an objection would not have been unreasonable under these circumstances.

Finally, Defendants assert that the Order obligates them to pay only for the means of the deposition, which in this case was by telephone.[1] Thus, according to Defendants, they are not

---

[1] The Order states, "Plaintiff shall take the depositions by telephone, videoconference, or other remote means as directed by the Plaintiff, with the costs (not including Plaintiff's attorney's fees) to be borne by Defendants." (Order 8.)

3

required to pay for the videographer because Plaintiff chose to take the depositions by telephone, and telephone depositions do not require videotaping. However, Defendants read the Order too narrowly. The Order obligates Defendants to pay for the costs associated with the deposition. If the Order obligated the Defendants to pay only for the means associated with the deposition, the express exclusion of attorney's fees would be unnecessary. Instead, the exclusion confirms that Defendants are required to pay for all costs associated with the deposition, except the associated attorney's fees.

Because (1) Defendants were on notice that Plaintiff intended to use both a videographer and a court reporter to take the depositions, (2) Defendants were on notice that Plaintiff intended for Defendants to pay for both the videographer and the court reporter, and (3) the Order requires Defendants to pay for all costs associated with the depositions (except attorney's fees), this Court concludes that Defendants shall pay for the cost of videotaping the depositions.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Compliance [doc. # 105] is **GRANTED**. Because Plaintiff has already paid the court reporter service for the videotaped depositions, Defendants shall reimburse Plaintiff's counsel for the sum of $955.00, the total amount charged on the invoices for the video services. (Pl.'s Mot., Ex. C.)

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees is **DENIED**.

SIGNED March 8, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE